

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Doctor C. A. Shaw, Superintendent
Big Spring State Hospital
Big Spring, Texas

Dear Sir:

Opinion No. 0-4148
Re: Is it mandatory that
Big Spring State Hospital
pay employees leaving the
service immediately upon
the severance of relations?

This is in reply to your letter of October 22, 1941,
which we quote:

"Due to the advance in salaries outside
of State Hospitals, it offering more remunera-
tion to employees, it is very difficult to re-
tain people who are able to secure better pay-
ing positions, too, in several instances there
are those who have been discharged from the
service for various reasons. The purpose of
this letter is to obtain an opinion as to
wether or not it is mandatory that we, the
Big Spring State Hospital, pay these employees
leaving the service immediately upon the sev-
erance of relations. It is our custom to send
in our payroll and have warrants issued around
the first of each month, and of course, we have
no cash fund from which this money could be
immediately expended. In several instances
we have given an order to the bank for the
time served by the employee, and have the war-
rant made payable to the bank. However, this
has resulted in our losing a small amount of
money in two instances, and imposes quite a
bit of extra work upon our office personnel.

"We will thank you to advise us whether
or not we would be liable for suit or whether
or not a person so discharged from the service
could stay on the grounds legally until they
have been paid."

Doctor C. A. Shaw, page 2

Big Spring State Hospital was established under authority of Article 3185a, Vernon's Texas Civil Statutes of 1925, which contains the following provisions:

" * * *.

" At the completion of the buildings, and when the said hospital is ready to open, the Board of Control shall appoint a Superintendent and other employees to superintend and carry on the work of such hospital as is now provided by the General Laws of the State of Texas governing such institutions.

"The support and general maintenance of said hospital shall be the same in every respect as is provided for insane hospitals as now provided by law.

" * * *."

Other statutory provisions relating to the management of such institutions are found in Title 51, Vernon's Civil Statutes of 1925:

"Article 3174. Management

""Each eleemosynary institution established by law shall be managed and controlled in accordance with the provisions of this title. The general control, management and direction of the affairs, property and business of such institutions is vested in the State Board of Control."

"Art. 3176. Powers of superintendent

"The Superintendent shall be the administrative head of the institution to which he is appointed. He shall have the following powers:

"1. To establish such rules and regulations for the government of the institution in his charge, as he deems will best promote the interest and welfare of its inmates.

"2. Where not otherwise provided by law, to appoint the subordinate officers, teachers,

attendants, and other employes, and to fix their salaries.

"3. To remove for good cause, with the consent of the Board, any officer, teacher or employe.

"4. The care and custody of the buildings, grounds, furniture, and other property pertaining to the institution.

"Art. 3177. Accounts

"The superintendent of each asylum shall be the chief disbursing officer of the institution and subject to the rules of the Board of Control, shall have general charge over everything connected with the institution over which he presides. He shall attend to the enforcement of the laws relating to such institution and to the by-laws provided by such Board, and shall see that the employes faithfully perform their duties. * * *."

Appropriations for the support of Big Spring State Hospital for the current biennium were made by Senate Bill No. 402, Acts of the Regular Session, 47th Legislature, 1941. Among the general provisions contained in Section 2 of said Bill are the following:

"(b) Under written direction of the Board of Control all employees may receive board, room and laundry, except when otherwise limited.

"* * *.

"(b) If any position for which a salary is herein fixed shall not be filled then such salary shall lapse into the State Treasury. * * *.

"No salary shall be paid to any person unless such person actually discharges assigned duties. * * *."

From a reading of these statutory provisions it will be seen that you, as Superintendent of Big Spring State Hospital,

Doctor C. A. Shaw, page 4

have the responsibility for the "hiring and firing" of the other
employees, and the management of the fiscal affairs, of that
institution, subject to advice and regulation by the State Board
of Control, and also subject to statutory regulations. We are
informed by the Board of Control that its regulations:

(1)  Permit an understanding between the Superintendent
of the Hospital and its employees that they may resign, or be
discharged, at any time without notice.

(2)  Permit the submission and approval of a supplemen-
tal payroll, covering wages or salary earned and unpaid, immedi-
ately upon the severance of employment. (We recommend this pro-
cedure be followed.)

(3)  Prohibit anyone, not an employee, from staying
on the grounds of the Hospital without official permission.

"A notice (of discharge) terminates the
employment regardless of whether the employer
had the right to give the notice." 29 Texas
Jurisprudence 20.

It is our opinion that a person who has been discharged
from the service of Big Spring State Hospital cannot legally,
without official permission, stay on the grounds of said hospital
until he has been paid. And it is our further opinion that it
is not mandatory that Big Spring State Hospital pay employees
leaving its service immediately upon the severance of relations;
but that such employees should be paid within a reasonable time,
making due allowance for the preparation of a supplemental pay-
roll, its approval by the Board of Control, issuance of a warrant
by the Comptroller and mailing of the warrant to the ex-employee.

You ask whether you "would be liable for suit." This
presents a purely hypothetical question which this department is
not authorized to determine. If the procedure above recommended
be followed, as we assume it will be, the occasion should not
arise for determining your possible liability to suit at the hands
of the discharged employee.

APPROVED DEC 3, 1941                          Very truly yours
Grover Sellers
FIRST ASSISTANT                          ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE                By /s/
BY BWB CHAIRMAN
                                                   W. R. Allen
                                                   Assistant
WRA:RS

                                              WRA:mw